UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ROGER ARCARO,  )  Case No. CV 10-6408 JC
           Plaintiff,  )
             )  MEMORANDUM OPINION
      v.  )
             )
MICHAEL J. ASTRUE,  )
Commissioner of Social  )
Security,  )
           Defendant.  )

## I. SUMMARY

On August 31, 2010, plaintiff Roger Arcaro ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 9, 2010 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On or about May 10, 2005, plaintiff filed applications for Supplemental Security Income benefits and Disability Insurance Benefits. (Administrative Record ("AR") 18, 103, 107). Plaintiff asserted that he became disabled on January 21, 1991 due to depression and gout. (AR 18, 122). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), two medical experts and a vocational expert on October 22, 2007. (AR 384-424).

On January 17, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 19, 30). Specifically, the ALJ found: (1) plaintiff has no severe medically determinable impairments (AR 21); (2) plaintiff does not have any impairments which, considered singly or in combination, meet or medically equal one of the listed impairments (AR 26); (3) plaintiff had no significant physical limitations, with some minimal nonexertional limitations (AR 26-27);[2] (4) plaintiff could not perform his past relevant work (AR 28); (5) there are jobs that exist in significant numbers in the

///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] The ALJ determined that plaintiff "has a 10% reduction in his capacity to concentrate, to persist and maintain pace" and that "[plaintiff's] social functioning, with respect to dealing with coworkers, supervisors and the general public is [] diminished by 10%." (AR 27).

national economy that plaintiff could perform (AR 29); and (6) plaintiff's allegations regarding his limitations were not totally credible. (AR 27).

The Appeals Council denied plaintiff's application for review. (AR 5).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

|   |   |   |
|---|---|---|
| 1 | (5) | Does the claimant's residual functional capacity, when |
| 2 |   | considered with the claimant's age, education, and work |
| 3 |   | experience, allow him to adjust to other work that exists in |
| 4 |   | significant numbers in the national economy?  If so, the |
| 5 |   | claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

# IV. DISCUSSION

Plaintiff contends that the ALJ improperly evaluated the medical opinions of Dr. R. Srinivasan, a state-agency examining physician. The Court finds that a remand or reversal on this basis is not warranted.

## A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3] See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not

---

[3] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). These standards also apply to opinions of examining physicians. See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester, 81 F.3d at 830-31); Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

**B.     Analysis**

On June 13, 2007, Dr. Srinivasan performed an internal medicine evaluation of plaintiff which included a physical examination. (AR 354-56). Based on his examination of plaintiff, Dr. Srinivasan completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) ("Medical Source Statement"), in which he essentially opined that plaintiff was unable even to do sedentary work. (AR 358-62). More specifically, in the Medical Source Statement, Dr. Srinivasan opined that plaintiff (i) could lift and/or carry up to 10 pounds frequently and up to

20 pounds occasionally; (ii) could sit for only 15 minutes and stand/walk for only 10 minutes at one time without interruption; (iii) could sit, stand or walk for only one hour each in an eight hour work day; (iv) could reach, handle, finger, feel and push/pull with his hands frequently; (v) could only occasionally operate foot controls; (vi) could only occasionally climb, balance, stoop, kneel, crouch and crawl; (vii) could only occasionally be exposed to, *inter alia*, pulmonary irritants (*e.g.*, dust, odors, fumes); and (viii) could tolerate only moderate (*e.g.*, office) noise. (AR 358-62).

Plaintiff contends that the ALJ improperly rejected Dr. Srinivasan's opinions. (Plaintiff's Motion at 4-5). The Court disagrees.

First, as the ALJ noted, Dr. Srinivasan's extreme limitations on plaintiff's ability to work are inconsistent with the examining physician's own objective findings. For example, as the ALJ noted, Dr. Srinivasan reported that plaintiff had only "*some* soft tissue swelling over both big toes," "*small* amounts of ptosis" in his feet, and "*some* diffuse swelling over the lateral aspects of both feet." (AR 24, 355) (emphasis added). Dr. Srinivasan's report reflects no neurological abnormalities, and no significant symptoms or limitations in other parts of plaintiff's body (*i.e.*, hands, arms, knees, legs, back). (AR 24, 355). In addition, although Dr. Srinivasan observed that plaintiff had "some" difficulty walking on the tips of his toes and heels, he also noted that plaintiff had an otherwise normal gait, plaintiff's posture was also normal, and plaintiff was able to move about during the examination "without any difficulty." (AR 24) (citing Exhibit 13F at 2 [AR 355]). Moreover, as the ALJ noted, nothing in Dr. Srinivasan's report justifies any limitation on exposure to noise or respiratory irritants. (AR 24, 354-56). In fact, the Court notes that although Dr. Srinivasan opined in the Medical Source Statement that plaintiff could only occasionally be exposed to pulmonary irritants (*e.g.*, dust, odors, fumes), in the narrative report from his examination of plaintiff Dr. Srinivasan states that plaintiff has "no environmental limitations."

(AR 356, 362). As the ALJ reasonably concluded, "it is difficult to fathom how [Dr. Srinivasan's] modest and isolated findings could preclude an individual from sustaining sedentary work." (AR 24). Therefore, to the extent the ALJ rejected Dr. Srinivasan's opinions, he properly did so for clear and convincing reasons based on substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (A discrepancy between a physician's notes and recorded observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.); see also Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes); cf. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept a treating physician's opinions that are unsupported by clinical findings or physician's own treatment notes).

Second, the ALJ also properly rejected Dr. Srinivasan's opinions because they were unsupported by the record. See Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit physicians' opinions that are conclusory, brief, and unsupported by record as a whole or by objective medical findings). Here, Dr. Srinivasan based his opinions as to plaintiff's limitations on a finding that plaintiff had "[r]ecurrent episodes of gout." (AR 356). As the ALJ noted, however, the medical records reflect only four instances in eight years where plaintiff sought medical treatment for his gout, with flare ups lasting no more than a week to 10 days. (AR 22, 24) (citing Exhibit 4F at 17-21, 24, 25 [AR 226-30, 233, 234]; Exhibit 5F [AR 241-83]); see Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected a treating physician's opinion who prescribed conservative treatment and where the plaintiff's activities and lack of complaints were inconsistent with the physician's disability assessment). Moreover, as the ALJ noted, Dr. Srinivasan is directly contradicted by the opinions of Dr. James M. Paule, a state agency examining physician (Exhibit 11F [AR 337-42]), as well as a state agency reviewing physician (Exhibit 10F [AR

1  327-34]), and Dr. David Brown, one of the testifying medical experts (AR 403-08)
2  – all of whom found that plaintiff had no physical limitations which had lasted or
3  could be expected to last for a continuous period of twelve months or more. (AR
4  21-24, 328, 342, 408). Dr. Paule's opinion was supported by his independent
5  examination of plaintiff, and thus, even without more, constituted substantial
6  evidence upon which the ALJ could properly rely to reject Dr. Srinivasan's
7  opinions. See, e.g., Tonapetyan, 242 F.3d at 1149 (consultative examiner's
8  opinion on its own constituted substantial evidence, because it rested on
9  independent examination of claimant); Andrews, 53 F.3d at 1041. The opinions of
10 the state agency reviewing physician and the testifying medical expert also
11 constitute substantial evidence supporting the ALJ's decision since they are
12 consistent with Dr. Paule's opinions and underlying independent examination and
13 the other medical evidence in the record. See Tonapetyan, 242 F.3d at 1149
14 (holding that opinions of nontreating or nonexamining doctors may serve as
15 substantial evidence when consistent with independent clinical findings or other
16 evidence in the record); Andrews, 53 F.3d at 1041 ("reports of the nonexamining
17 advisor need not be discounted and may serve as substantial evidence when they
18 are supported by other evidence in the record and are consistent with it"); Morgan,
19 169 F.3d at 600 (testifying medical expert opinions may serve as substantial
20 evidence when "they are supported by other evidence in the record and are
21 consistent with it").

Accordingly, reversal or remand is not warranted on this basis.[4]

---

[4]To the extent plaintiff also argues that the ALJ failed properly to evaluate his credibility (Plaintiff's Motion at 5-6), his argument lacks merit. First, the ALJ noted that plaintiff's testimony and statements in medical records provide inconsistent reports as to the date on which plaintiff last worked. (AR 28). The ALJ also noted that plaintiff filed his application for disability benefits only two months after telling one physician that he was "generally in good health." (AR 28). The ALJ properly discounted plaintiff's credibility based on these

(continued...)

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 18, 2011

                                        /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

---

[4](...continued)
inconsistencies in plaintiff's testimony and statements. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); see also Fair v. Bowen, 885 F.2d 597, 603, 604 n.5 (9th Cir.1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony). Second, the ALJ also properly discounted plaintiff's credibility using ordinary techniques of credibility evaluation. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (discredited plaintiff's statements using ordinary techniques of credibility evaluation). The ALJ noted that plaintiff had told physicians that he had received money from gambling, had an offshore bank account, and was buying a "sports book" in Costa Rica – statements which suggest that plaintiff was either being deceptive in applying for disability benefits (*i.e.*, a program designed to aid the poor and destitute), or was telling "tall tales." (AR 27-28 [referencing AR 51, 375]). The ALJ also noted that plaintiff's reports of working consistently since 1987 were inconsistent with his reported earnings, suggesting that he had under reported his income on his tax returns for several years – conduct which undermined his credibility. (AR 28). Finally, the ALJ properly discredited plaintiff because plaintiff's allegations regarding his limitations were unsupported by the objective medical evidence. (AR 27); see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); Rollins v. Massanari 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)). Accordingly, the ALJ properly discredited plaintiff's subjective symptom allegations based on clear and convincing reasons supported by substantial evidence.